UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK BRANSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-02055-JPH-MG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C.
§ 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

Mark Branson is serving a 264-month prison sentence after pleading guilty in October 2019 to drug and firearm offenses. *United States v. Branson*, No. 1:18-cr-00225-JPH-MJD-1 ("crim. dkt."), dkt. 40 (judgment). In July 2021, Mr. Branson filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255.

The record before the Court shows that Mr. Branson failed to file his § 2255 motion within the one-year limitation period, and he has not demonstrated a basis for equitable tolling. Therefore, Mr. Branson's § 2255 motion is denied, and this action is dismissed with prejudice. Additionally, no certificate of appealability will issue.

**I. Background**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period begins to run upon the latest of four triggering events. *Id.* The relevant event in this case is the date when Mr. Branson's judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

When a defendant never appeals, the conviction becomes final when the deadline to file a notice of appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). This Court

1

entered judgment in Mr. Branson's criminal case on October 10, 2019. Crim. Dkt. 40. The deadline to file his notice of appeal was 14 days later, October 24, 2019. Fed. R. App. P. 4(b)(1)(A)(i). That deadline expired the following day, when Mr. Branson did not file a notice of appeal. The last day he could file his § 2255 motion came one year later, October 25, 2020. Mr. Branson did not file his § 2255 motion until nearly nine months later, on July 15, 2021. Dkt. 1.

## II. Equitable Tolling

The AEDPA statute of limitations "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling is 'rare' and 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir.2014)). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 339–40 (quoting *Holland*, 560 U.S. at 649).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (cleaned up). Importantly, the movant must show "reasonable effort *throughout the limitations period*." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (emphasis added).

"Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). The petitioner cannot satisfy this burden with "mere conclusory allegations of diligence" but must instead offer "specific evidence." *Mayberry*, 904 F.3d at 531.

### III. Discussion

Mr. Branson asserts that he is entitled to the benefits of equitable tolling for three reasons. But none of those reasons demonstrates that he pursued his § 2255 motion with reasonable diligence or that extraordinary circumstances prevented him from filing it timely.

First, Mr. Branson argues that the Bureau of Prisons has implemented practices that delay inmates' ability to timely receive and send legal mail. Dkt. 4 at 11. In a related filing in his criminal case, Mr. Branson asserts that prison officials prevented inmates from sending mail to the courts by falsely deeming that envelopes lacked sufficient postage; inspecting mail for contraband; restricting purchases of stamps and envelopes; and preventing inmates from making copies of their pleadings. Crim. Dkt. 48 at 13–14, 16–17, 18. Mr. Branson also alleges that incoming mail is opened outside inmates' presence and photocopied (such that they do not receive original documents). *Id.* at 14.

If true, these allegations do not entitle Mr. Branson to equitable tolling. Mr. Branson's general allegations about mail policies and practices offer no information about Mr. Branson's efforts to file a § 2255 motion. He does not allege, for example, that he attempted to send a § 2255 motion to the Court within the limitation period, only to have it confiscated it for inspection. Without information of this sort, the Court lacks a basis to find that Mr. Branson exercised reasonable diligence in attempting to file a timely § 2255 motion or that whatever impediment caused his delay was extraordinary. *Boulb*, 818 F.3d at 339–40.

Second, Mr. Branson alleges that his § 2255 motion was delayed by COVID-19-related restrictions. Mr. Branson appears to argue chiefly that inmates' out-of-cell time was sharply restricted from March 2020 until May 2021, thus limiting his abilities to visit the law library or

receive assistance from more experienced or knowledgeable prisoner-litigants. *See* dkt. 1 at 11; Crim. Dkt. 48 at 4–5, 11.

The Court reiterates that a § 2255 motion seeking equitable tolling must show "reasonable effort *throughout the limitations period*." *Mayberry*, 904 F.3d at 531 (emphasis added). Nearly five months passed from the date Mr. Branson's conviction became final until COVID-19 prompted lockdowns and similar measures in March 2020. Mr. Branson does not assert that he made any efforts to work on or file a § 2255 motion during those five months. Additionally, Mr. Branson alleges that his out-of-cell time was restricted, not that it was eliminated entirely. His allegations support an inference that preparing and filing a § 2255 motion would have been more difficult than usual in the spring and summer of 2020. Without more specific information, his allegations do not support a finding that preparing and filing a § 2255 motion would have been impossible or required a nine-month delay.

Third, Mr. Branson asserts that the attorney who assisted him through sentencing failed to respond to any of his correspondence, including requests for records he would use to prepare his § 2255 motion. Dkt. 4 at 11. But Mr. Branson does not indicate that counsel later responded to his requests or that he otherwise obtained the records he requested from her. *See id.* at 4 ("[C]ounsel has absolutely refused to correspond with her client, and refuses to supply the defendant his court files or records."). If Mr. Branson's allegations are true, the docket nevertheless shows that he was able to file a competent § 2255 motion despite counsel's lack of responsiveness.

If Mr. Branson made legitimate efforts to prepare and draft a § 2255 motion before October 2020, he could have described those efforts in an affidavit and attached it to any of his filings in this action. He did not. The record lacks specific evidence of diligent efforts to seek § 2255 relief

4

within the limitation period, *see Mayberry*, 904 F.3d at 531, and the action therefore must be dismissed.

### IV. Conclusion

Mr. Branson is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. His motion for relief pursuant to § 2255 is **DENIED**, and this action is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue, and the Clerk shall **docket a copy of this Entry in No. 1:18-cr-00225-JPH-MJD-1.** The motion to vacate (Crim. Dkt. [50]) shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Branson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 1/18/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK BRANSON
16502-028
BIG SANDY – USP
BIG SANDY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov